UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAYNE M. FOURNERAT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-39-R |
| | ) |
| TIMOTHY DEGIUSTI and | ) |
| PATRICK KEANEY, | ) |
| | ) |
| Defendants. | ) |

# ORDER

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 15] issued by United States Magistrate Judge Chris M. Stephens pursuant to 28 U.S.C. § 636(b)(1). Judge Stephens recommends that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 4] be denied and that this action be dismissed if Plaintiff does not pay the full filing fee within 21 days of an order adopting the Report and Recommendation. Plaintiff did not file an objection and has therefore waived further review of the issues. However, upon sua sponte review of Plaintiff's Complaint, the Court finds that the claims asserted against Defendant DeGiusti should be dismissed and this action transferred to the United States District Court of the Eastern District of Oklahoma.

District courts have the inherent power to manage their dockets. *See United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir.2010) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *United States v. Nicholson*, 983 F.2d 983, 988 (10th Cir.1993)). This power includes the ability to "dismiss a frivolous or malicious action ... even in the

absence of [a] statutory provision." *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 306–07 (1989) (quotation marks omitted). Further, "[a] district court may dismiss a case sua sponte under Federal Rule Civil Procedure 12(b) when it is patently obvious that the plaintiff could not prevail on the facts alleged." *Andrews v. Heaton*, 483 F.3d 1070, 1074 n.2 (10th Cir. 2007) (quotation omitted).

In considering whether to dismiss a claim sua sponte for failure to state a claim, the complaint's well-pleaded factual allegations are accepted as true and viewed in the light most favorable to the plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Additionally, where, as here, a litigant is proceeding pro se, the "pleadings are to be construed liberally." *Id.* at 110 However, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id*.

Plaintiff alleges that his constitutional rights were violated when he was wrongfully "disenfranchised" from the practice of law.[1] His Complaint indicates that Judge DeGiusti, the Chief Judge of the United States District Court for the Western District of Oklahoma, sent Plaintiff a letter on November 24, 2021 indicating that his membership in the bar of the Western District of Oklahoma was subject to termination because he was no longer a member of the Oklahoma bar. The letter further indicated that if Plaintiff did not present evidence showing that he met the requirements for admission, an order of disbarment

---

[1] Plaintiff raised this same issue in a petition for a writ of mandamus, which was denied by the Tenth Circuit. *See In re Wayne M. Fournerat, Esq.*, No. 24-6249 (10th Cir. Jan. 3, 2025).

would issue. Plaintiff also alleges that Defendant Keaney, the Court Clerk of the Eastern District of Oklahoma, "coerced" Plaintiff into abandoning his law practice by adding a special condition that an attorney must have good standing with the state bar to practice in the Eastern District. Based on these allegations, he asserts *Bivens*[2] claims against Judge DeGiusti and Mr. Keaney for conspiracy to deprive Plaintiff of his due process rights in violation of the Fifth Amendment, conspiracy to deprive Plaintiff of his professional license without just compensation in violation of the Fifth Amendment, and "detrimental reliance." However, for several reasons, Plaintiff's allegations fail to state a claim against Judge DeGiusti.

First, the claims against Judge DeGiusti are subject to dismissal because judges are entitled to absolute judicial immunity for actions taken in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 355-357 (1978). Judicial immunity is broad and "is not overcome by allegations of bad faith or malice." *Mireles v. Waco,* 502 U.S. 9, 11 (1991). Rather, "[o]nly accusations that a judge was not acting in his judicial capacity or that he acted in the complete absence of all jurisdiction can overcome absolute immunity." *Guttman v. Khalsa*, 446 F.3d 1027, 1034 (10th Cir. 2006). To determine whether an action was taken in a judicial capacity, courts look to "the nature of the act itself, i. e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they

---

[2] *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971) recognized a judicially-implied private right of action for damages against federal officials that violate certain constitutional rights. However, "[t]he Constitution does not ordinarily provide a private right of action for constitutional violations by federal officials." *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 859 (10th Cir. 2016). The Court assumes, without deciding, that a *Bivens* action may be implied in the circumstances alleged here.

dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. Importantly, "an act may be administrative or ministerial for some purposes and still be a 'judicial' act for purposes of immunity from liability for damages." *Martinez v. Winner*, 771 F.2d 424, 434 (10th Cir.1985), *judgment vacated as moot*, 800 F.2d 230 (1986).

Plaintiff's claims against Judge DeGiusti are premised on the letter informing him that his membership in the bar of the Western District of Oklahoma would be terminated if he did not provide evidence that he met certain requirements. This was a judicial act, and it was not performed in the clear absence of all jurisdiction. A "federal district court has a right to establish its own standards for admission to practice[,]" *Mattox v. Disciplinary Panel of U.S. Dist. Ct. for Dist. of Colorado*, 758 F.2d 1362, 1364 (10th Cir. 1985), and the local rules for the Western District of Oklahoma authorize the court to disbar an attorney that has been disbarred by the state supreme court. LCvR 83.6. Although sending a letter of disbarment is not directly associated with an ongoing lawsuit, applying local court rules regarding the admission and disbarment of attorneys is a normal judicial function and one in which the involved attorney would expect to be dealing with the judge in his judicial capacity. *See Forrester v. White,* 484 U.S. 219, 227 (1988) ("Similarly, acting to disbar an attorney as a sanction for contempt of court, by invoking a power 'possessed by all courts which have authority to admit attorneys to practice,' does not become less judicial by virtue of an allegation of malice or corruption of motive.") (quotation omitted); *Stein v. Disciplinary Bd. of Supreme Ct. of NM,* 520 F.3d 1183, 1195 (10th Cir. 2008) ("There can be no question that the state supreme court's allegedly unconstitutional acts—the issuance of the show-cause order and the remand to the

4

Disciplinary Board—were taken in a judicial capacity."); *Hoedel v. Kirk*, 480 F. Supp. 3d 1218, 1227 (D. Kan. 2020) ("Even though making a complaint is not a common judicial or quasi-judicial action, it certainly relates to a normal judicial function, including the preservation of the integrity of the judicial system."); *Van Deelen v. Fairchild*, No. CIV.A. 05-2017, 2005 WL 3263885, at *5 (D. Kan. Dec. 1, 2005) ("Absolute judicial immunity extends beyond a judge's actions in a particular case."). Accordingly, the Court finds that Judge DeGiusti is entitled to absolute immunity.

Further, even if Judge DeGiusti is not entitled to absolute judicial immunity, he is entitled to qualified immunity. "Public officials enjoy qualified immunity in civil actions that are brought against them in their individual capacities and that arise out of the performance of their duties." *Rhodes*, 843 F.3d at 864 (10th Cir. 2016) (quotation). To overcome the presumption of qualified immunity, "a plaintiff must show that: (1) the public official violated the plaintiff's constitutional rights; and (2) these rights were clearly established at the time of the alleged violation." *Id.* Plaintiff's claims fail at both steps.

Plaintiff alleges that disbarring him from the Western District of Oklahoma violated his procedural due process rights and amounted to an unlawful taking without just compensation in violation of the Fifth Amendment. However, even broadly construing his claim, Plaintiff's disbarment does not give rise to a viable claim under the Fifth Amendment's Takings Clause. *See Casillas v. Beach*, No. CIV.A08CV02327WYDCBS, 2010 WL 1348397, at *5 (D. Colo. Mar. 31, 2010) ("Licenses are traditionally treated as not protected by the Takings Clause because they are created by the government, are revokable, and are not transferable."). As to the procedural due process claim, Plaintiff's

allegations make clear that he was given notice and an opportunity to respond, which is all the due process clause requires in these circumstances. *See Comm. on the Conduct of Att'ys v. Oliver*, 510 F.3d 1219, 1223 (10th Cir. 2007) ("An attorney subject to sanctions is entitled to receive reasonable notice of the allegations against him and an opportunity to respond."). Thus, Plaintiff has not alleged any violation of his constitutional rights, and certainly not a clearly established constitutional right.[3]

Apart from these issues, Plaintiff's allegations that Judge DeGiusti was involved in a conspiracy to deprive Plaintiff of his constitutional rights are too conclusory to state a claim. "To have an actionable *Bivens* conspiracy claim, [the plaintiff] must establish (1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement." *Ting v. United States*, 927 F.2d 1504, 1512 (9th Cir. 1991). In addition to his failure to allege an actual deprivation of a constitutional right, Plaintiff has not included factual allegations showing that Defendants had an express or implied agreement or otherwise acted in concert.

---

[3] For similar reasons, Plaintiff's common law "detrimental reliance" claim fails. This claim is premised on Judge DeGiusti's alleged breach of a duty to provide Plaintiff a hearing before disbarring him. But as the Tenth Circuit recognized, "the local rules do not require a hearing in these circumstances." *In re Wayne M. Fournerat, Esq.*, No. 24-6249 (10th Cir. Jan. 3, 2025) (citing LCvR83.6(d)). Further, any reliance on maintaining his admission to the bar in the Western District of Oklahoma would not have been reasonable in light of the local court rule permitting disbarment when, as alleged here, the attorney has been suspended or disbarred by the state supreme court. LCvR83.6(a).

Last, the Court notes that Plaintiff's claims appear to be barred by the statute of limitations.[4] A *Bivens* action for constitutional violations committed by federal officials "is subject to the statute of limitations of the general personal injury statute in the state where the action arose." *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). "In Oklahoma, that statute of limitations is two years." *Wilkins v. Fries*, 216 F.3d 1089 (10th Cir. 2000) (unpublished) (citing Okla. Stat. tit. 12 § 95(3)).[5] Federal law controls when a *Bivens* claim accrued and, under federal law, "[t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Indus. Constructors*, 15 F.3d at 969. Here, Plaintiff knew of the existence and cause of his alleged injuries when he received the letter, which is dated November 24, 2021. However, Plaintiff did not file this lawsuit until November 27, 2024, well after the two-year statute of limitations expired, and his Complaint does not include any allegations plausibly suggesting a basis for tolling the limitations period.

---

[4] A court may dismiss a claim sua sponte on the basis of an affirmative defense, such as the statute of limitations or venue, when the defense is "obvious from the face of the complaint" and "[n]o further factual record [i]s required to be developed." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987). *See also Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006)

[5] Plaintiff initiated this action in the United States District Court for the Northern District of Texas and, after finding that venue was improper, the action was transferred to this Court. To the extent Plaintiff might contend that Texas law supplies the applicable statute of limitations, "the Texas statute of limitations for personal injury claims is two years." *Garcia v. Int'l Elevator Co.*, 358 F.3d 777, 780 (10th Cir. 2004) (citing Tex. Civ. Prac. & Rem. § 16.003(a)).

Because Judge DeGiusti is entitled to immunity, and there are no plausible claims stated against him, venue in this district is improper. The proper venue for this action is dictated by 28 U.S.C. § 1391(b), which provides that venue lies in the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." The only remaining claims are those asserted against Mr. Keaney. Plaintiff's allegations indicate that Mr. Keaney is located in the Eastern District of Oklahoma and that the events giving rise to the claims against Mr. Keaney all occurred in that district. Accordingly, venue is proper in that district.

"A court may sua sponte cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interest of justice." *Trujillo*, 465 F.3d at 1222. Here, the Court finds it would be in the interest of justice to transfer, rather than dismiss, the action.

Accordingly, the Report and Recommendation [Doc. No. 15] is denied as moot, all claims against Judge DeGiusti are DISMISSED, and this action is TRANSFERRED to the United States District Court for the Eastern District of Oklahoma.

IT IS SO ORDERED this 14th day of February, 2025.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE